# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. WOMACK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-14-1012-STE |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Based on the Court's review of the record and the issues presented, the court **REVERSES AND REMANDS** the Commissioner's decision for further administrative proceedings.

### I.    Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following an administrative hearing, an Administrative Law Judge (ALJ) issued the unfavorable decision now under review. (TR. 15-22). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R §§ 404.1520; 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity after July 1, 2011, his alleged date of disability. (TR. 17). At step two, the ALJ found Plaintiff to have the following severe impairments: lumbar discopathy, ulcerated colitis, a herniated disk at L5-S1, diabetes mellitus, obstructive sleep apnea, and obesity. (TR. 17).

At step three, the ALJ determined none of Plaintiff's impairments meets or medically equals the severity of one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 17).

At the first phase of step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift/carry/push/pull no more than 20 pounds occasionally; he can sit for a total of six hours in an eight-hour workday; he can stand and walk for a total of six hours in an eight-hour workday; he can engage in occasional climbing of ramps, scaffolds, stairs and ladders.

(TR. 17-18).

Without discussing the exertional requirements of Plaintiff's past relevant work, the ALJ found Plaintiff could perform his past relevant work as field service representative, classified as light work; office manager, classified as sedentary work;

2

and data clerk, also classified as sedentary work. (TR. 20). Additionally, the ALJ made an alternative finding at step five and determined that Plaintiff was capable of performing two other jobs classified as light exertional jobs: general clerk and file clerk. (TR. 21). Thus, at step four and alternatively at step five, the ALJ found Plaintiff not disabled under the Social Security Act. (TR. 22).

### III. Standard of Review

This court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### IV. Issues Presented

Plaintiff challenges the ALJ's step-four finding regarding Plaintiff's ability to perform past relevant work. Plaintiff also contends the ALJ erred in rejecting the opinion of Plaintiff's treating physician. Finally, Plaintiff challenges the ALJ's credibility assessment as unsupported by substantial evidence.

### V. Analysis

The first two issues are closely related and are dispositive. Plaintiff asserts the ALJ erred in assessing Plaintiff's RFC by relying on the opinion of a non-examining state agency consultant and rejecting the opinion of his treating physician.

The ALJ's RFC assessment was based primarily on a Physical Residual Functional Capacity Assessment dated December 6, 2011, completed by Dr. J. Marks-Snelling, a

non-examining state agency consultant. (TR. 560-567). Dr. Marks-Snelling recited the diagnoses found in medical records provided by the Veteran's Administration (VA): spondylolisthesis or segmental instability; paralysis of sciatic nerve; and impaired sphincter control. (TR. 567). But Dr. Marks-Snelling identified only medical records which indicated Plaintiff's impairments were mild to moderate. For example, she cited a medical record dated November 30, 2009, two years before Plaintiff's alleged date of disability. (TR. 567). She stated that she had taken into account Plaintiff's allegations of pain, which she found credible, "based on claimant's obesity," (TR. 567), but she makes no mention of possible side effects of pain medication. Additionally, Dr. Marks Snelling relied on Plaintiff's relatively limited activities of daily living, "Can complete personal care w/showers only. Can prepare meals, shop with motorized car 2x week; likes to watch t.v. and movies; sit and visit with others and ride in car," as proof of his ability to work. (TR. 567).

Although the ALJ did not specify the weight given to Dr. Marks-Snelling's opinion, it is apparent the ALJ gave the opinion great weight as his RFC formulation reflected most of the limitations in Dr. Marks-Snelling's RFC assessment.

In contrast, the ALJ implicitly rejected the opinion of Dr. Harold H. Fain, Plaintiff's treating physician. On September 7, 2012, Dr. Fain signed a form indicating his opinion of Plaintiff's functional limitations. After listing diagnoses of spondylolisthesis, ulcerative colitis, foot pain and asthma, Dr. Fain stated his opinion that Plaintiff could work only 4 hours per day; could stand 30 minutes at a time and sit for 60 minutes at a time; could lift 10 pounds and bend only occasionally; and would frequently need to elevate his

legs during an 8 hour work day. Dr. Fain circled both "moderate" and "severe" in answer to the question regarding the severity of Plaintiff's pain. (TR. 720).

The Tenth Circuit Court of Appeals has long recognized the proper analysis and assignment of weight to be given to the opinions of treating and non-treating sources. When considering the opinion of an "acceptable medical source" such as the Plaintiff's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and his reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required only if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is

> inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

In this case, the ALJ failed to specify the weight he was giving the opinion of the treating physician. His entire discussion consisted of the following paragraph:

> Harold H. Fain, M.D. signed a form dated September 12, 2012 (Exhibit 11F). On this form Dr. Fain completed a checklist indicating the claimant's physical restrictions. He indicated that the claimant could stand no more than 30 minutes at one time and could sit no more than 60 minutes at one time. He indicated that the claimant could lift 10 pounds on an occasional basis. He stated that the claimant needed to currently elevate his legs during an eight-hour workday. The findings of Dr. Fain would not permit the claimant to perform sedentary work activity. The Administrative Law Judge finds that the conclusions of Dr. Fain are not supported by laboratory findings, treatment records, or other medical facts and findings.

(TR. 19). The ALJ's consideration of Dr. Fain's opinion is insufficient. Not only did he fail to specify what weight, if any, he was affording the opinion, he also failed to specify which laboratory findings, treatment records or other medical facts and findings contradict Dr. Fain's opinion.

In an attempt to salvage the ALJ's decision, the Commissioner points to selected medical records that could plausibly support the ALJ's rejection of Dr. Fain's opinion. The ALJ's decision did not provide these details, however, and this court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007). *See also Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004) (holding that district court's "post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process").

On remand, the Commissioner should thoroughly analyze the opinions of treating sources under the framework set forth in *Watkins*, and if the opinion is not given

controlling weight, the Commissioner should specify what weight, if any, the opinion is afforded and why. Additionally, the Commissioner will have the opportunity to consider the effect of Plaintiff's severe impairment of obesity on his lumbar pain—a discussion omitted in the ALJ's current unfavorable decision. Because the Commissioner will necessarily be required to reconsider Plaintiff's credibility, the court need not address this issue.

The final decision of the Commissioner is, therefore, **REVERSED AND REMANDED** for further consideration consistent with this Memorandum Opinion.

**ENTERED** on August 25, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE